**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1909**

KIMARLO ANTONIO RAGLAND,

Plaintiff - Appellant,

v.

NC STATE BOARD OF EDUCATION; WILLIAM COBEY, individually and in their representative capacity; AL COLLINS, individually and in their representative capacity; DAN FOREST, individually and in their representative capacity; JANET COWELL, individually and in their representative capacity; REBECCA TAYLOR, individually and in their representative capacity; REGINALD KENAN, individually and in their representative capacity; KEVIN HOWELL, individually and in their representative capacity; OLIVIA HOLMES OXENDINE, individually and their representative capacity; GREGORY ALCORN, individually and in their representative capacity; WAYNE MCDEVITT, individually and in their representative capacity; PATRICIA WILLOUGHBY, individually and in their representative capacity; ERIC DAVIS, individually and in their representative capacity; DR. JUNE ATKINSON, Superintendent,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:16-cv-00288-FL)

Submitted: February 27, 2018                    Decided: March 16, 2018

Before WILKINSON, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kimarlo Antonio Ragland, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kimarlo Antonio Ragland appeals the district court's order adopting in part the magistrate judge's recommendation, dismissing Ragland's civil complaint, and denying appointment of counsel. We conclude that the district court properly dismissed Ragland's claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2017), because the Defendants did not employ Ragland, as required for an action under Title VII. The district court also appropriately dismissed Ragland's claims for monetary relief under 18 U.S.C. §§ 1981, 1983, 1985 (2012) because Defendants were immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) (2012). We further conclude that the district court did not abuse its discretion in abstaining from exercising jurisdiction, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), over Ragland's 18 U.S.C. §§ 1981, 1983, 1985 claims for injunctive relief. Finally, we conclude that the district court did not abuse its discretion in declining to appoint counsel or exercise supplemental jurisdiction over Ragland's state law claims.

Accordingly, we affirm the district court's judgment. *Ragland v. N.C. State Bd. of Educ.*, No. 5:16-cv-00288-FL (E.D.N.C. July 11, 2017). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3